## MITCHELL *v.* KIMBROUGH.

*(Nashville.*     March 6, 1897.)

1. WILL. *Of married woman, invalid when.*

A married woman's will, invalid when made, for her want of testamentary capacity, is not vitalized without re-execution and republication, though she retains it in her possession until her death, and treats and speaks of it as her will after the passage of a statute conferring testamentary capacity upon married women, which remained in force at her death.

Code construed: § 4247 (S.); § 3351 (M. & V.); § 2486 (T. & S.).

2. SAME. *Same.*

A married woman's will, invalid when made, for her want of testamentary capacity, but recognized by her as her will until her death, after the passage of a statute empowering married women to make wills, though never re-executed or republished by her, does not become operative and effectual by virtue of the statute requiring wills to be construed to speak and take effect as if executed immediately before death, and to pass all property then owned by the testator, unless a contrary intention clearly appears.

Code construed: § 3927 (S.); § 3035 (M. & V.); § 2195 (T. & S.).

FROM GILES.

Appeal in error from Circuit Court of Giles County.   E. D. PATTERSON, J.

JOHN T. ALLEN for Mitchell.

FLOURNOY RIVERS for Kimbrough.

SNODGRASS, C. J. This is a controversy as to the will of Nancy 'B. Mitchell, deceased, which, on an issue of *devisavit vel non,* was tried in the Circuit Court of Giles County, resulting in a verdict in favor of the contestant of the will and a judgment of the Court setting the will aside. The proponent appealed in error, his motion for a new trial having been overruled by the Circuit Judge. The question involved in the case is whether the will of a married woman, executed at the time she had no power to make a will, becomes validated and made a legal will, without any re-execution or republication, in consequence of a subsequent statute empowering her to make a will, but after the passage of which nothing was done by her about it, save to speak of it as an existing instrument of hers, and retain and treat it as such. This question, in various forms, was presented in the record —in making up the pleadings, in excluding evidence, and in the charge of the Court. The forms in which it was presented are not material to be further considered. The same question was presented in all. The ruling of the Circuit Judge was that the will was not a legal will, and this resulted in the verdict and judgment already stated. The facts of the case are as follows:

On June 2, 1866, Nancy B. Mitchell, then a

married woman and the wife of plaintiff, Henry T.
Mitchell, made and published her will in writing,
witnessed by two subscribing witnesses. She gave
all her property, both real and personal (according
to the terms of the instrument), to her husband,
Henry T. Mitchell. The testator died more than
twenty-five years later, in October, 1893. The will
was probated in common form in the County Court
of Giles County, October 24, 1893, and was ad-
mitted to record as the last will and testament of
the said Nancy B. Mitchell, and her husband, named
as executor of said will qualified as such. Nancy
B. Mitchell had no children, and her relatives, who
would have inherited her estate had she died intes-
tate, contested the will. The testatrix had no estate
at her death, other than seventy (70) acres of land
in Giles County, held by her as a general estate,
accruing by inheritance.

The contention for proponent was that after the
Act of March 2, 1870, took effect, which gave her
power to make a will, she retained the will already
made in her possession, and treated it and spoke of
it as her will, and he insists that when she died,
in October, 1893, the will was then a legal will by
reason of the operation of the statute embodied in
the Code at § 2195 (Shannon's Code, § 3927). That
section is as follows: "A will shall be construed, in
reference to the real and personal estate comprised
in it, to speak and take effect as if it had been
executed immediately before the death of the testa-

tor and shall convey all the real estate belonging to him, or in which he had any interest at his decease, unless a contrary intention appear by its words and context." It is insisted that this section makes legal a will which would have been otherwise illegal, makes it a legal as well as a valid will for disposition of real and personal property. In this contention proponent is in error. The section was not intended to determine the question of testamentary capacity, but only the effect and validity of the will as to property therein conveyed.

The true rule, we think, is correctly stated in Schouler on Wills, Sec. 11. The Section is entitled, "Effects of Subsequent Statute upon Wills," and is as follows: "The will, it is said, does not take effect, nor are there any rights acquired under it, until the death of the testator. And its construction and validity depends upon the law as it then stands. Hence, it follows that a statute passed after the making of the will and before the death of the testator, by which the law is changed, takes effect upon the will. Nevertheless, such retroactive effect should not be given by such later statute to an earlier will, as to render, by the mere force of a new rule of construction, a different disposition under that will from what the testator obviously intended, especially if the legislation manifested no retroactive intention.

"On the other hand, however it may be as to the legal operation of a valid will upon one's prop-

erty, the rule is, that if the testator was, at the date of the making of the will, without testamentary capacity, as in the case of a married woman, a subsequent statute which comes into force and remains so at the time of his death, will not turn the invalid testament into a valid one. And, in general, the legality of the execution of a will should be judged of by the law as it was when it was executed, and not as it was at the death of the testator."

To the same effect are other authorities. In a case of the execution of a will by a person not of testamentary capacity, necessary to the making of a legal will, republication is essential to its legality. There is some little confusion on this subject, which has, perhaps, arisen by confounding the terms "validity" and "legality," by confounding the "want of testamentary capacity" with the effort of a competent testator to devise or bequeath property, by a will regular in form, but not valid in effect.

We think the true rule clearly deducible from the authorities, is, that if there be a want of testamentary capacity at the time of the execution of the will, such will never takes effect, or, rather, is not so made and executed as to take effect without republication, although a statute giving testamentary capacity should be subsequently passed; but that a will which was legally executed, by a person having testamentary capacity, which attempted to pass property not then effectually devised or bequeathed, and

hence invalid as to such devise or bequest, will be validated, and pass such property included by force of a subsequent statute operating to authorize it.

The judgment is therefore correct, and must be affirmed with cost.