## HAIR *v.* CALDWELL.

### (*Knoxville.*        September Term, 1902.)

1. **MARRIED WOMEN**—Testamentary capacity—Power to devise real estate to husband.

In this State, married women over the age of twenty-one years have full power and authority to dispose of their real estate or lands as if unmarried, and the provision in the enabling act to the effect that such testamentary disposition shall not be construed so as to defeat the husband's tenancy by the curtesy in such lands is not such a limitation upon their testamentary capacity as will defeat a devise of lands or real estate to the husband, it being the manifest intention of the legislature, thereby, to protect the husband's tenancy by the curtesy, not to exclude him from her bounty. (*Post,* pp. 150-156.)

Act construed: Acts of 1869-1870, chap. 99, sec. 6, Shannon's Code, 4274.

2. **SAME.** Same. Same. Not before questioned.

While this precise question has not hitherto been before the supreme court for its adjudication, yet numerous cases have been before it involving the title to real estate held under devises made by married women in favor of their husbands, wherein it was conceded that such devises were valid and effective to convey the title. (*Post, pp.* 153-154.)

Cases cited: Campbell *v.* Browder, 7 Lea, 240; Thompson *v.* Gaut, 14 Lea, 310; Molloy *v.* Clapp, 2 Lea, 589; Reeves *v.* Hager, 101 Tenn., 712; Stone *v.* Manning, 103 Tenn., 232; Mitchell *v.* Kimbrough, 98 Tenn., 535; Maxwell *v.* Hill, 89 Tenn., 587.

3. **SAME.** Will of, valid without privy examination.

Under the statute authorizing married women to make testamentary disposition of their property "in as full, ample and

Hair v. Caldwell.

complete a manner as if they were unmarried," a will executed by a married woman with the formalities required of unmarried women or other persons *sui juris*, is valid, and acknowledgment with privy examination is not essential to a valid execution thereof. (*Post, pp.* 154-155.)

Act construed: Act of 1869-70, chap. 99, sec. 6, Shannon's Code, sec. 4247.

**4. WILL. Unlimited power of disposition given first taker. Effect of—Rule stated.**

If the first taker be given an estate in fee, or for life, with unlimited power of disposition, the fee or absolute estate vests in the first taker and a limitation over is void. (*Post, p.* 155.)

Case cited and approved: Bradley *v.* Carnes, 94 Tenn., 27.

**5. SAME. Same. Case in judgment.**

After providing for the payment of her debts, a testatrix devised "all the rest and residue" of her property to her husband, "for and during his natural life," and gave him full and absolute control thereof, with right and authority to use, occupy, lease, sell, and convey, or otherwise dispose of the same . . . in any manner he may wish," with remainder over to certain designated parties:

HELD: That the husband took an absolute title in fee, and that the limitation over was void. (*Post, pp.* 150-156.)

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. MCCONNELL, Chancellor.

M. H. CLIFT, for complainant, Hair.

JONES & MCGEE and J. A. CALDWELL, for defendant, Caldwell.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This suit was brought to recover from the defendant, Mrs. Carrie Blanch Bird, formerly Carrie Blanch Bassinger, a certain house and lot in Chattanooga, valued at about six thousand dollars, formerly the property of Mrs. Cynthia L. Hair, wife of Larkin Hair, under whom all parties claim, and who, it is conceded, had title to the property.

Mrs. Cynthia L. Hair died September 26, 1890, having made, February 7, 1890, a will, which was, after her death, duly admitted to probate. The first clause of the will provides for the payment of debts and funeral expenses. The second and third clauses are as follows: "Second. I give, devise and bequeath to my beloved husband, Larkin Hair, for and during his natural life, all the rest and residue of my property, real, personal or mixed (after payment of said debts and funeral expenses), which I may own or be entitled to at my death; and I give to my husband full and absolute and perfect possession and control thereof, with the right and authority to use, occupy, lease, sell and convey, or otherwise dispose of the same, or any part thereof, in any manner he may wish. Third. It is my will and desire that after the death of said husband all the residue of my property not consumed under the first and second items or clauses of this will shall be equally divided among my legatees hereinafter named, and I hereby direct my ex-

Hair v. Caldwell.

ecutor to divide the same in such manner as he may think best for the interests of all concerned, and give to each in the following proportions, to-wit: N. R. Hair, one-sixth; Isabella Hair Carter, formerly wife of John Carter, one-sixth; N. H. Bomer, one-sixth; and I give to my good friend and companion, Miss Carrie Blanch Bassinger, the remaining one-sixth of my said property."

Larkin Hair, the husband of Mrs. Cynthia L. Hair, who survived her, immediately took possession of all the property owned by her when in life, including that in controversy, claiming the same in fee under the second clause of the will of his wife, and on January 18, 1891, conveyed the house and lot sued for to the defendant, Mrs. Carrie Blanch Bird, which conveyance was soon thereafter duly probated and registered. Larkin Hair died January 3, 1897, and this suit was brought March 25, 1899, to recover five-sixths interest in the property.

The chancellor denied this relief, and, his decree being affirmed by the court of chancery appeals, the case has been brought to this court for review.

The contention of the complainant is that the devise of real estate made in the will of Mrs. Cynthia L. Hair to Larkin Hair is void, upon the ground of the supposed want of capacity or power in a married woman to devise real estate to her husband; and, secondly, if valid, that it only vests in Larkin Hair an estate for life in the property in question, and

his conveyance to the defendant is inoperative to
vest in her the fee to it. The act of the general
assembly enacted March 2, 1870, and carried into
Shannon's Code at section 4247, abrogating the com-
mon-law rule, and enabling married women to dispose
of their real estate by last will and testament, is as
follows: "All married women over twenty-one years
of age, owning any land or real estate of any kind
or description, legal or equitable, in this State, by
descent, inheritance, deed, gift or otherwise, shall
have full power and authority to dispose of such lands
or real estate by last will and testament in as full,
ample and complete a manner as if they were un-
married; but such testamentary disposition of such
lands or real estate, shall not be construed so as to
defeat any husband's tenancy by curtesy in such real
estate or lands."

No decision of this court involving this precise ques-
tion is cited in behalf of either party, and it does not
appear that the capacity of a married woman, under
this statute, to devise real estate in this State to her
husband, has, before this, been challenged or called
in question. It is argued by counsel for the complain-
ant that the concluding sentence, providing that the
statute shall not be so construed as to defeat the hus-
band's tenancy by the curtesy in the real estate of
the wife, is evidence of the intention of the legislature
to except from the power given a married woman to
dispose of real estate by will the ability to make a de-

vise in favor of her husband. We are unable to find such an intent from this provision, and, on the contrary, consider it as indicating a disposition to favor and protect the rights of the husband, instead of discriminating against him.

There is no such exception as that contended for by the complainants in the statute, nor anything, with the exception contained in the last sentence, indicating an intent to place any restriction whatever upon married women's power to dispose of their real estate by last will and testament; and it can not be presumed that the legislature intended while vesting in them the capacity to devise their lands in as full, ample and complete manner as if they were unmarried, to except from their bounty one of its most natural and common objects.

While this question has never been determined by this court, yet numerous cases involving the title to real estate held under devises made by married women in favor of their husbands have been before it in such a manner that, if there had been a doubt as to the capacity of married women to make such devises under this statute, the question would have been raised. In all of these cases it has been conceded that such devises were valid, and effective to convey title to real estate. *Campbell* v. *Browder,* 7 Lea, 240; *Thompson* v. *Gaut,* 14 Lea, 310; *Molloy* v. *Clapp,* 2 Lea, 589; *Reeves* v. *Hager,* 101 Tenn., 712 (50 S. W., 760); *Stone* v. *Manning,* 103 Tenn., 232 (52 S. W., 990);

*Mitchell* v. *Kimbrough,* 98 Tenn., 535 (41 S. W., 993) ; *Maxwell* v. *Hill,* 89 Tenn., 587 (15 S. W., 253).

This statute has thus been construed by the legal profession and the courts of this State from its enactment as vesting in married women the capacity to devise their real estate to their husbands without any question whatever as to the correctness of such construction, so as to become a rule of property upon which the title to many large estates throughout the State now rest; and, even if the proper construction had been in the outset a question of doubt, it is now too late to disturb that given it, and acted upon so long and so generally.

We would, however, if it were a question of first impression, hold, and do hold, that the statute vests in married women the unrestricted right to devise their real estate to their husbands, and that the devise in question in this case is valid in every respect.

A number of cases from other States, construing local statutes said to be similar to that in question favorably to the contention of the complainants, are cited and relied upon by counsel. We have not access to these cases or the statutes construed, but granting that they are stated by counsel correctly, we can not be governed by them, holding, as we do, that under the Tennessee statute Mrs. Hair had full power and capacity to make the devise in question.

It is further said that, if the statute be held to vest in married women the power and capacity to devise

their lands to their husbands, the will made by Mrs. Hair is void for want of acknowledgment and privy examination; and the statute, and cases relating to the execution of conveyances of lands by married women, are cited to sustain this position.   These statutes and cases have no application to the execution of wills by married women.   The statute in question vests in married women the power to dispose of their real estate by will "in as full, ample and complete manner as if they were unmarried," and therefore all that is required for them to make a valid will is that such will be executed with the formalities required of unmarried women and other persons *sui juris,* and no privy examination is necessary.

2. It is further insisted that under the will of his wife, Larkin Hair only acquired a life estate in the property in question, and that he could not convey the fee, but only such life estate, to the defendant, Carrie Blanch Bird.

The will gives him the absolute and unrestricted power of disposition of the property devised to him for life, and is, therefore, under the well-settled rule in this State, effective to vest in him the fee.   The cases upon this question are all collated and reviewed in the case of *Bradley* v. *Carnes,* 94 Tenn., 27 (27 S. W., 1007; 45 Am. St. Rep., 696), where the rule is stated in these words:   "If the first taker is given an estate in fee or for life, coupled with an unlimited power of

disposition, the fee, or absolute estate, vests in the first taker, and the limitation over is void."

We therefore hold that the defendant, under the will of Mrs. Hair and the conveyance of Mr. Hair, acquired a good title to the property conveyed to her.

The decree of the court of chancery appeals, so adjudging, is affirmed.