MAYS *v.* BEECH *et al.*

(*Nashville.*  December Term, 1904.)

1.  **WILL.** Power of appointment.. Under general power to appoint fee, donee may appoint lesser estate.

> Under a general power to appoint an estate in fee, the donee of
> the power may appoint a lesser or qualified estate in the property, and it is not necessary to execute the power in its entirety,
> but a partial execution is valid.

Cases cited and approved:  Steifel v. Clark, 9 Baxt., 471; Williams v. Whitmore, 1 Shann. Tenn. Cas., 250; Butler v. Huestis et al., 68 Ill., 597; In re Lawrence's Estate, 136 Pa., 354; Beardsley et al. v. Hotchkiss et al., 96 N. Y., 202; Friend v. Oliver, 27 Ala. (New Series), 534; Wilson v. Wilson, 21 Beavan's Reports, 28; Bray v. Bree, 2 Clark & Finley's House of Lords Repts., 453; Phipson v. Turner, 9 Simons' English Chancery Reports, 287; Moses v. Martin, 34 Beavan's. Reports, 500.

2.  **SAME.** · Devise of income for life is devise of property for life

A devise of the rents, profits and income of real property to one for life is, in effect, a devise of the property itself for life.

Case cited and approved: Johnson v. Johnson, 92 Tenn., 563.

3.  **SAME.** Construction of. Case in judgment.

The father of testatrix had devised his entire estate to her for life, with remainder in fee to her children, if any, and empowered her, in the absence of children, to dispose of all the property by will, to be effective to pass the title as absolutely as he could by will, and testatrix, who died without issue, devised the annual income and profits, and the income and profits of the increase and accumulations, of said property to her husband for life, and empowered the husband "to dispose of all of said property and its increase of every kind and description by last will and testament duly executed," and provided further as follows, viz: "And said last will and testament so made by my said husband shall pass the absolute title to all said property of

Mays v. Beech.

every kind and description, and its increase as completely as if so willed by me in pursuance of the power conferred upon. me by my father's will."

*Held*, that the power conferred upon the husband to dispose of the property by will duly executed is not a delegation of the power vested in the testatrix by her father's will, but the creation of a distinct and original power appurtenant to the life estate given the devisee for life, to appoint the property in question, and the qualified estate thus given the husband is a less estate than that she was authorized to create by the will of her father, and is within the power therein vested in her.

FROM WILLIAMSON.

Appeal from the Chancery Court of Williamson County.—JOHN ALLISON, Chancellor.

EGGLESTON & EGGLESTON, for Mays.

R. N. RICHARDSON, H. H. COOK, H. P. FOWLKES and W. W. FAW, for Beech et al.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This bill is brought for the purpose of having the estate of the complainant in a valuable tract of land in Williamson county ascertained and decreed.

The lands were formerly owned by John Beech, and the controversy is between complainant, Mays, the husband of Jeannette Beech Mays, the only child of John

114 Tenn—35

Beech, who survived him, but is now dead, and the heirs at law of Mrs. Mays.

John Beech died previous to March, 1860, having first made and published his last will and testament, devising and bequeathing his entire estate to his daughter, Jeannette Beech, for life, with remainder in fee to her children, if any, and authorized and empowered her, in the absence of children, to dispose of all of the property by will in writing attested by three witnesses, to be effective to pass the title as absolutely as he could by will. In the event his daughter Jeannette should die without children, and without exercising the power given her to dispose of the estate by will, his executors were directed to sell the property, and divide the proceeds among the relatives of his daughter "who would have taken it upon her death under the laws of descent of Tennessee."

Jeannette Beech married complainant, F. H. Mays, and died without issue, having first made and published her last will and testament in the form directed in that of her father, which was duly admitted to probate, and is as follows:

"I, Jeannette Mays, wife of F. H. Mays and daughter of John B. Beech, deceased, late of Williamson County, Tennessee, pursuant to the power in me vested by the will of my said father, hereby make this my last will and testament, revoking all others.

"(1) If I shall die leaving issue, it is my will that the provisions of my father's will in this event shall be complied with.

"(2) But if I shall die without children or issue of such it is my will that my said husband F. H. Mays, have the annual income and profits of all the property bequeathed to me by my said father, and the income and the profits of the increase and accumulation of said property, and the income and profits of all property purchased by the property and means bequeathed to me by my father, including the livery stable and property thereto attached in the town of Columbia, Tennessee, I desire that said profits, and income shall be paid over to and enjoyed by my said husband as the same shall accrue.

"(3) I hereby empower my said husband, F. H. Mays, and he is hereby fully vested with authority and power to dispose of all said property and its increase of every kind and description by last will and testament duly excuted. And said last will and testament so made by my said husband shall pass the absolute title to all said property of every kind and description and its increase, so completely as if so willed by me in pursuance of the power conferred upon me by my father's will."

Complainant claims that under this will he acquired and is seised of an estate in fee in the lands disposed of by the testatrix.

While the contention of the defendants is that complainant is only entitled to the income and profits of the property during his life; that he has no power to devise it under the third clause of the will, because that clause is an effort on the part of the testatrix to delegate the power given her in her father's will to her husband, and

is void for the reason that such powers are a personal trust and cannot be delegated; and that upon the death of complainant the property must be sold by the executors of John Beech, and distributed among the nearest relations of his daughter at her death, as provided in the third clause of his will.

We are of the opinion that upon a proper construction of the will of Mrs. Mays, complainant, F. H. Mays, is vested with an estate for his life in the property devised, with power to dispose of the remainder in fee by last will and testament duly executed.

We have not set out verbatim the power of appointment conferred upon Mrs. Mays, but that it authorizes her to dispose of all the property given her absolutely is conceded. The only question made is as to what extent the power was executed.

Mrs. Mays was authorized and empowered, without limitation, to dispose of the entire estate in fee; and it is well-settled law that, under a general power to appoint an estate in fee, the donee may appoint a lesser or qualified estate in the property, and that it is not necessary to execute the power in its entirety and to its full extent. This is held upon the principle that the lesser is included in the greater. It is not an excessive exercise of the power, but a partial execution of it, which has always been held to be valid.

In the case of *Butler* v. *Huestis et al.*, 68 Ill., 597, 18 Am. Rep., 589, Mr. Justice Scott, delivering the opinion of the court says:

"The law seems to be well settled by authority, where a party has the power to appoint a fee, if there are any words of positive restriction, a less estate may be appointed. The appointment of a less estate than the donee might have created under the power is not thereby rendered void.   .   .   .

"The deed of settlement required the appointment to be made by will, or an instrument in the nature of a will. There is, however, no restriction against appointing an estate to one party, less than a fee, and appointing the fee to another on the determination of the former.".

And in *Lawrence's Estate,* 136 Pa., 354, 20 Atl., 521, 11 L. R. A., 85, 20 Am. Rep., 931, the donee of a general power to appoint in fee declared to certain uses for life, with remainder over, and it was held to be a valid execution of the power.

The cases of *Beardsley et al.* v. *Hotchkiss et al.,* 96 N. Y., 202-218, *Friend* v. *Oliver,* 27 Ala. ,(New Series), 534, *Wilson* v. *Wilson,* 21 Beavan's Reports, 28, *Steifel* v. *Clark,* 9 Baxt., 471, and *Williams* v. *Whitmore,* 1 Tenn. Cas., 250, are to the same effect.

The devise of the rents, profits, and income of the property to complainant for life is in effect a devise of the property itself for life.   It is not a devise of the fee, for the intention to limit his estate to his life distinctly appears.   *Johnson* v. *Johnson,* 92 Tenn., 563, 23 S. W., 114, 22 L. R. A., 179, 36 Am. St. Rep., 104.

The power conferred upon complainant to dispose of

the property by will duly executed is not a delegation of the power vested in the testatrix by her father's will but the creation of a distinct and original power appurtenant to the life estate given the devisee for life, to appoint the property in question, and is valid.

In other words, the effect of the will of Mrs. Mays is to vest in her husband a limited and qualified estate in the property therein devised, for his own life, with the power to dispose of the remainder by will duly executed. This is a less estate than that she was authorized to create by the will of her father, and is within the power therein vested in her.

The case of *Bray v. Bree,* Clark & Finley's House of Lords Reports, vol. 2, p. 453, is directly in point. The syllabus of this case concisely states the facts and the question decided. It is in these words:

"By indenture or settlement a fund was assigned to trustees upon trust for all and every the child and children of a marriage, in such shares, at such age or ages, and subject to such conditions and limitations, as the wife, in case she survives the husband, should appoint. There was one child only of the marriage, and the wife, surviving the husband, appointed the fund to that child for her separate use for life, and after her decease to such perons as the child should appoint, and, in default of appointment, to the child's executors or administrators. The child, by her will, appointed to the fund, and died. *Held,* that the power in the settlement was well exercised by the wife, and that the child's appointment

by her will carried to her appointee after the death of the wife."

In the case of *Phipson* v. *Turner*, 9 Simons' English Chancery Reports, 287, a testator bequeathed a certain sum in the public funds for all, or such one or more, exclusive of the others, of the children of his niece as she should by will appoint, and, in default of appointment, in trust for all of her children living at his death. The niece by her will appointed £6,000 of the funds to her daughter, for her separate use for life, and after her death to such persons as she (the daughter) should by will appoint, and, in default of appointment, to her brothers. The daughter made a will, and, in exercise of the power given her by her mother, appointed the fund to her husband absolutely; and it was held that the testamentary power of appointment given her was valid, and the appointment to her husband sustained.

In *Moses* v. *Martin*, 34 Beavan's Reports, 500, a father, under a power conferred upon him by will to appoint to his children by will, duly executed, with a further disposition in default of such appointment, appointed a share to a daughter for life, for her separate use, with remainder as she should by her last will appoint; and it was held that this was a good execution of the power conferred upon him.

These authorities fully sustain the view we have taken of the rights of the parties.

The decree of the court of chancery appeals is reversed, and that of the chancellor affirmed, with costs.