EMILY K. MCKNIGHT *et al. v.* ROBERT E. MCKNIGHT *et al.*

*(Nashville.    December Term, 1907.)*

1.   **POWER OF DISPOSITION.**  In life tenant, when unlimited, converts his life estate into an absolute estate in fee; but not when limited or restricted.

It is a well established rule of property that where a life estate is conveyed or devised, coupled with the absolute and unqualified power of disposition in the conveyee or devisee for life, the law converts the estate into a fee because of the incompatibility and inconsistency of the estate given and the power of disposition of it; but it is equally well settled that where the power of disposition is dependent upon a contingency, is qualified, limited, or restricted, only a life estate vests, because the obnoxious incompatibility or inconsistency is not present in such case.    *(Post, pp.* 436, 437.)

Cases cited and approved on the first proposition:    Smith v. Bell, M. & Y., 302; David v. Bridgman, 2 Yerg., 558; Thompson v. McKissack, 3 Humph., 632; Troup v. Hart, 7 Bax., 188; Turner v. Durham, 12 Lea, 316; Bradley v. Carnes, 94 Tenn., 30; Hair v. Caldwell, 109 Tenn., 148.

Cases cited and approved on the second proposition:    Henderson v. Vaulx, 10 Yerg., 31; Deadrick v. Armour, 10 Humph., 594; Pillow v. Rye, 1 Swan, 190; Vancil v. Evans, 4 Cold., 343; McGavock v. Pugsley, 12 Heisk., 690; Ballentine v. Spear, 2 Bax., 273; Pool v. Pool, 10 Lea, 486; Mays v. Beech, 114 Tenn., 547; Carson v. Carson, 115 Tenn., 37.

2.   **SAME.**  Same.  Case in judgment involving construction of will giving power of disposition by will alone; power of appointment; descent to heirs, upon failure to execute such power.

Where by his will, a testator bequeathed all his personalty to his wife, and devised all his realty to her for life, with "full

McKnight v. McKnight.

power to dispose of, by will, one-half of" such "realty in any manner she may see fit, absolutely," and directed a sale of the remaining one-half at the death of his wife, and a division of the proceeds among certain relatives, with a declared purpose to divide one-half of his real estate, not willed and devised by his wife at her death, among such relatives, the testator's widow was not given absolute and unlimited power to dispose of one-half of the lands devised, but only the power to dispose of it by will and in no other manner. A life estate in all the land is vested in the widow, but the power of disposition, by will only, vested in her no additional estate in the land, but merely a power of appointment, by will, of one-half of the same in fee, which, upon her death, without executing the power so vested in her, would descend to the heirs at law of the testator; and the other devisees would be entitled to the proceeds of the sale of the other half as provided in the will. (*Post, pp.* 433-439.)

3. **PARTITION.** Life tenant is not entitled to sale for partition as against the remaindermen.

The life tenant owning the whole life estate in land cannot maintain a bill against the remaindermen to have the entire property sold for partition. (*Post, p.* 439.)

Case cited, distinguished, and approved: Rutherford v. Rutherford, 116 Tenn., 388.

4. **SAME.** Remaindermen in proceeds of sale of land are not entitled to sale for partition during existence of life estate.

Where a will directs a half interest in certain land to be sold upon the death of the life tenant and the proceeds to be divided among certain persons, such persons have no interest or estate in the land entitling them, some against the others, to maintain a bill for sale for partition during the existence of the life estate. (*Post, pp.* 434, 435, 439.)

FROM GILES.

Appeal from the Chancery Court of Giles County.—
WALTER S. BEARDEN, Chancellor.

W. D. SMITHSON and FLOURNOY RIVERS, for complainants.

E. E. ESLICK, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The bill in this case was brought by Mrs. Emily K. McKnight, the widow of David A. McKnight, deceased, and Mrs. Katie Kersey and Mattie Lee McKnight, nieces of David A. McKnight, deceased, against Robert E. McKnight and others, the brother, sister, nieces and nephews of the said David A. McKnight, to have the will of the decedent construed; the respective rights and interests of the parties to this case in the lands therein devised, declared and decreed; and the said lands sold for partition.

David A. McKnight, having first made and published a will, died June 9, 1893, leaving him surviving complainant Emily K. McKnight, his widow, and the other parties to this case, his brother, sister, nieces and

nephews. The will, which was duly admitted to probate, is in these words:

"I, D. A. M'cKnight, do make and publish this my last will and testament hereby revoking all other wills I may at any time heretofore have made.

"*First*: All my personal property I desire my wife to use as a fund primarily for her support and for the maintenance and preservation of my real estate in proper condition as a home for her. With this limitation upon it I give and bequeath to my said wife Emily Katherine McKnight all my personal property to be hers absolutely and with full power of disposition and ownership as she may choose, absolutely.

"*Second*: All my real estate I give and devise to my said wife for life, for her own use and benefit, desiring her to keep up and maintain the same in proper condition as her home.

"*Third*: When she shall come to die I direct and it is my will that she have full power to dispose of by will one-half of my said realty in any manner she may see fit, absolutely.

"*Fourth*: I direct that at the death of my said wife the remaining one-half of my said real estate shall be sold and the proceeds devided as follows: one-third of it to my brother Robert E. McKnight, absolutely; another third of it to my sister Josie Gilmer, absolutely; and the remaining one-third equally, share and share alike, between the children of my deceased brother, S. H. McKnight, absolutely.

"*Fifth*: Should my brother R. E. McKnight die in the mean time, leaving children or the descendants of children then his one-third as herein devised shall go and descend to his children equally, any grandchildren representing their respective parent and inheriting his or her share; and the same method of division inheritance and subdivision, I desire and direct to be observed in regard to the bequests of the other thirds in the event of their deaths.

"It is my purpose to divide one-half of my real estate not willed and devised by my wife at her death into three equal parts to descend and be inherited by the three branches of my family herein set out.

"*Sixth*: I nominate and appoint my said wife as my executrix without any bond."

The chancellor was of the opinion that while by the second clause of the will Mrs. McKnight was given a life estate only in the lands devised, the third clause gave her the absolute power of disposition of one-half of the property, and that this operated in law to vest in her that one-half in fee, and that upon a proper construction of the will she was entitled to an undivided one-half of the lands in fee simple and an estate for life in the other half; that the brother and sister and representatives of the deceased brother of the testator were entitled to the proceeds of a sale of the one-half, encumbered with the life estate of the widow, and that complainants were entitled to have the whole sold for parti-

tion and so decreed.   The defendants have brought the case to this court for review..

We think the chancellor erred in holding that Mrs. McKnight was entitled to the fee in one-half of the lands devised.

It is a well established rule of property that where a life estate is conveyed or devised, coupled with the absolute and unqualified power of disposition in the conveyee or devisee, the law converts the estate into fee, because of the incompatibility and inconsistency of the estate given and the power of disposition of it.   Among the cases in which this rule has been announced and applied are *Smith* v. *Bell,* M· & Y., 302; 17 Am. Dec., 798; *David* v. *Bridgman,* 2 Yerg., 558; *Thompson* v. *McKissack,* 3 Humph., 632; *Troup* v. *Hart,* 7 Bax., 188; *Turner* v. *Durham,* 12 Lea, 316; *Bradley* v. *Carnes,* 94 Tenn., 30, 27 S. W., 1007, 45 Am. St. Rep. 696; *Hair* v. *Caldwell,* 109 Tenn., 148, 70 S. W., 616.

But it is equally well settled that where the power of disposition is dependent upon a contingency, is qualified, limited, or restricted, only a life estate is vested, the obnoxious incompatibility not being present in such cases.   It would be a work of supererogation to analyze and discuss the numerous cases appearing in our reports in which this has been held, and we will content ourselves with citing some of those where it is clearly stated and illustrated.   *Henderson* v. *Vaulx,* 10 Yerg., 31; *Deadrick* v. *Armour,* 10 Humph., 594; *Pillow* v. *Rye,* 1 Swan, 190; *Vancil* v. *Evans,* 4 Cold, 343; *McGavock*

v. *Pugsley,* 12 Heisk., 690; *Ballentine* v. *Spear,* 2 Bax., 273; *Pool* v. *Pool,* 10 Lea, 486; *Mays* v. *Beech,* 114 Tenn., 547, 86 S. W., 713; *Carson* v. *Carson,* 115 Tenn., 37, 88 S. W., 175.

Mrs. McKnight is not given absolute and unlimited power to dispose of one-half of the lands devised. She is only authorized to dispose of it by will. This is the language of the third clause under which she claims the power of disposition, and the intention of the testator to so limit the power vested in her further appears from the second paragraph of the fifth clause of the will, where it is said:

"It is my purpose to divide one-half of my real estate not willed and devised by my wife at her death," etc. She is given the power to dispose of one-half of the lands, but it is clearly and unquestionably the intention of the testator, which is the governing principle of construction, that such disposition be exercised by will and in no other manner. The third clause of the will vests in her no estate in the lands devised. It is a mere power of appointment, to be exercised in a particular manner. In this respect the will in question is almost identical with that of Mrs. Mays construed in the case of *Mays* v. *Beech,* supra. The rule insisted upon in behalf of complainant often tends to defeat the intention of the testator, and this court is not disposed to enlarge it.

In *McGavock* v. *Pugsley,* supra, it is said: "This having become a rule of property is to be adhered to; but as it defeats the actual intention of the testator it

should not be extended further than has already been done. It is one of the remnants of technical law contravening the spirit of our jurisprudence on the subject of wills, which is that every man be permitted to dispose of his acquisitions as he may think best, so that he violate no law nor rule of public policy."

It is immaterial that no disposition is made of the fee of the one-half Mrs. McKnight is empowered to devise. It, like the fee in the other half, stands in abeyance until her death, when it either vests in her appointee or the heirs at law of the testator.

It is said that it appears from the entire will that the dominant purpose of the testator was to provide amply for the complainant, and that the construction we have placed upon the will does not comport with such intention. We think otherwise. He gave her all his personal property and a life estate in the lands shown in this record to be worth ten thousand dollars, and the right by will to appoint or devise one-half of those lands. This power of appointment was doubtless intended to command that attention, affection, and respect of those near her, through anticipation of her bounty, which she might otherwise in vain expect. However this may be, it is clear that he only intended to give her a power of appointment to be executed in a particular manner, and she must be content with it.

We are of the opinian that, upon a proper construction of the will, the complaintant Mrs. McKnight is vested with a life estate in the lands devised, and a

power of appointment, by will, of one-half of the same in fee, and that the brother, sister, and representatives of the deceased brother of the testator are entitled to the proceeds of a sale of the other one-half, to be made after the death of the widow, and should Mrs. McKnight die without executing the power vested in her, that that one-half will descend to the heirs at law of the testator.

We also think the chancellor erred in decreeing a sale for partition. Complainants have no right to maintain a bill for that purpose. Mrs. McKnight is tenant for life of the entire property, but has no vested or other interest in the remainder. Such a life tenant cannot have the entire estate in the land sold for partition. The case of *Rutherford* v. *Rutherford,* 116 Tenn., 388, is cited as supporting complainant's contention, but this is a misconception of that case. It is not there held that a tenant for life may maintain a bill against the remaindermen to have the entire property sold for partition.

Complainants Katie Kersey and Mattie Lee McKnight have no interest in the lands in question under the will of their uncle, but are only entitled to a share of the proceeds of a sale of one-half of the same, to be made after the death of the life tenant, unless Mrs. McKnight dies without executing the power vested in her. Their interest is not an estate upon which they can maintain a bill for partition. *Barton* v. *Cannon,* 7 Bax., 398.

The decree of the chancellor is, therefore, in all things complained of reversed, and the bill dismissed with costs.