JOS. EATON *et ux. v.* NASHVILLE TRUST CO. *et al.*

(*Nashville.*   December Term, 1921.)

1. **WILLS. Executory limitation invalid if first taker may defeat it.**
   It is of the essence of a valid executory limitation that it be not
   in the power of the first taker to defeat it by sale or otherwise at
   his will and pleasure. (*Post, p.* 578.)

2. **WILLS. Unlimited power of disposition may be implied.**
   While an unlimited power of disposition must be given by the will
   and cannot arise as a mere incident to the estate devised, yet
   such power may be given, not only by express words, but by words
   necessarily implying an unlimited power of disposition. (*Post, p.*
   578.)

   Cases cited and approved: Booker v. Booker, 24 Tenn., 505; Bradley
   v. Carnes, 94 Tenn., 27; Overton v. Lea, 108 Tenn., 505.

3. **WILLS. Inconsistent estates cannot stand.**
   If the estate given is inconsistent with a limitation over, they
   cannot stand together. (*Post, p.* 578.)

   Case cited and approved: Meacham v. Graham, 98 Tenn., 200.

4. **WILLS. Bequest in trust until donee attained fifty held to give
   unlimited power of disposition after that age, so that on his death
   property passed to his heirs.**

   A bequest of $7,000 in trust for testator's son until he attained fifty
   years, to prevent his squandering it, "at his death the remaining
   money to be equally divided between" a brother and a sister, im-
   pliedly gave full power of disposition to the donee after he at-
   tained fifty, and, since the limitation over took effect, if at all,
   not merely at his death before fifty, but at his death before or
   after that period, the limitation over was ineffective because in-
   consistent with the previous absolute estate, and, on the donee's
   death before fifty leaving a wife and minor child, the trust fund
   passed to them as his distributees. (*Post, pp.* 578-582.)

Case cited and approved: Clark v. Henry, L. R. 11 Eq., 222.

Case cited and distinguished: Stones v. Maney, 3 Cooper's Chy., 731.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —HON. JAS B. NEWMAN, Chancellor.

W. S. LAWRENCE and JNO. T. ALLEN, for complainants.

RICHARD S. WEST and GEO. H. ARMISTEAD, JR., for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by Mrs. Eva Eaton and her husband to recover from the Nashville Trust Company something over $3,500, alleged to be due to her under certain provisions of the will of her father. There was a decree for the complainant below, from which the defendants have appealed.

The case involves a construction of a will of George W. Spottswood, who died several years ago. The fourth clause of the will and a codicil to the will are in controversy and are as follows:

"Fourth. To the Nashville Trust Company, I bequeath the sum of three thousand dollars in trust for the benefit of my son, George M. Spottswood. The income from this amount to be paid to the said George Spottswood until he shall have reached the age of forty-five (45) years, at that time the principal shall be paid to him or his heirs."

CODICIL TO MY WILL.

"I, George W. Spottswood of Nashville, Davidson county, do publish and declare that I am possessed of sound mind and I wish to add important things to my will which has been written. I desire to bequeath to my son, George M. Spottswood, an additional four thousand dollars ($4,000) to the amount of $3,000 as already named in my will which will make a total of seven thousand ($7,000) dollars, equal to the amount I give to my other two children, Alvan E. Spottswood and Eva M. Eaton, the said four thousand to be left in trust with the Nashville Trust Company to be invested by them in a way which will bring the best returns, and the whole $7,000 to be kept in trust until he reaches the age of fifty years, instead of forty-five years. The reason I put this amount in trust is the influence which he lives and surrounds him, that other parties would squander and spend his money before he was aware of their influence over him. *At his death the remaining money is to be equally divided between his brother and sister, Alvan and Eva, if they are living; if not living, to be divided between their children.*"

The son, George M. Spottswood survived his father, the testator, and the son died leaving a wife and minor child before he reached fifty years. The other son, Alvan E. Spottswood, has surrendered to the widow and child of his deceased brother all his interest in the trust fund. The sister, Eva M. Eaton, insists, however, as before stated, that she is entitled to one-half of this fund and seeks to recover it. The Nashville Trust Company is in doubt as to the proper disposition of the fund since the death of George M. Spottswood and asks the direction of the court. The widow of George M. Spottswood and the minor child

by her guardian *ad litem* contend that they are entitled to said trust fund since the death of George M. Spottswood.

We think the chancellor was in error in his construction of the will and that the widow and child of George M. Spottswood are entitled to this fund.

It is of the essence of a valid executory limitation that it be not in the power of the first taker to defeat it by sale or otherwise at his will and pleasure. True, the unlimited power of disposition must be given by the will and cannot arise as a mere incident to the estate devised, but such power may be given, not only by express words, but by words necessarily implying an unlimited power of disposition. *Booker* v. *Booker,* 5 Humph. (24 Tenn.), 505; *Bradley* v. *Carnes,* 94 Tenn., 27, 27 S. W., 1007, 45 Am. St. Rep., 696; *Overton* v. *Lea,* 108 Tenn., 505, 68 S. W., 250.

If the estate given is inconsistent with limitation over, they cannot stand together. *Meacham* v. *Graham,* 98 Tenn., 200, 39 S. W., 12.

The will before us as modified by the codicil undertook to bequeath to the Nashville Trust Company the sum of $7,000 to be held by it for the benefit of George M. Spottswood until he reached the age of fifty years. Under the express language of clause 4, and by necessary implication from the language used in the codicil, this sum of money was to be paid to George M. Spottswood when he attained the age of fifty years. The codicil then proceeds:

"At his death the remaining money is to be equally divided between his brother and sister, Alvan and Eva, if they are living; if not living, to be divided between their children."

This gift over to Alvan and Eva or their children follows an absolute estate in George M. Spottswood after he

reached the age of fifty years. An unlimited power of disposition on the part of George M. Spottswood is imperatively implied from the language of the will. The direction that the fund be held in trust until George M. Spottswood became fifty years old to prevent the money from being spent and squandered compels the inference that he was entitled to spend or squander it when it was turned over to him at the end of the trust.

In *Booker* v. *Booker,* supra, property was given to a son "not to be disposed of until he is twenty-five years of age, except by consent of my executors." The will attempted to impose a gift over upon this estate. The gift over was held to be ineffective. The court said:

"In the concluding clause above quoted, it seems clear that the testator intended to give an absolute power of disposition of the estate after Albert should arrive at twenty-five years of age. When it is said, he is not to dispose of it until he arrived at the age of twenty-five years without the consent of the executors, it is implied that he may dispose of it, with their consent before he is twenty-five, and that after he arrives at that age he may make such disposition without their consent. We cannot more clearly express our approbation that a thing may be done, than to forbid it except upon the happening of a certain event. All men would understand that upon the event happening, the right to do the thing had been granted. It would have been absurd for the testator to limit the right to dispose of the property unless the executors consent, or unless he arrive at twenty-five years, if he did not intend that upon either of these occurring he might dispose of it." *Booker* v. *Booker,* supra.

In *Stones* v. *Maney,* 3 Cooper's Chy., 731, the will contained the following language:

"This property I wish my son J. McEwan Stones to have the control of to use for his benefit but he is not to sell or dispose of any of it until he is thirty-five years old; should he sell or transfer this property, his title shall become null and void, and the property shall become the property of his sister, E. B. Stones. And should he die without issue the above described his sister E. B. Maney and her children is to be made, as above stated, sole heirs."

The last clause containing the limitation over upon death of the son without issue was added to the will after the daughter E. B. Stones married one Maney.

The chancellor refers to the case of *Booker* v. *Booker,* supra, as requiring an implication of full power of disposition in the son after he reaches the age of thirty-five years, by reason of the prohibition against disposition before he reaches the age of thirty-five years. The chancellor continues:

"If, therefore, the new clause is to be construed as meaning that the devise over should take effect should the son die without issue either before or after his arrival at the age of thirty-five years, the two clauses would be in conflict and the latter would be rendered nugatory by the former."

In this case the chancellor construed the will to mean that the devise over was only to take effect in case of the son dying before he reached the age of thirty-five years; that after he reached the age of thirty-five years the son took an absolute estate in conflict with any limitation over.

In the case before us counsel for the complainant say on their brief:

"It is conceded that George M. Spottswood was entitled to the income from said trust fund until he should reach fifty years of age, if he had lived. At his death before or after that period, it is insisted that what remained of said trust fund went to his brother and sister, Alvan and Eva, if living, and, if either or both should be dead, to the children of the deceased brother or sister, etc.".

This concession brings the case directly within the ruling of Judge COOPER in *Stones* v. *Maney,* supra, and renders the limitation over ineffective because inconsistent with the previous estate in George M. Spottswood.

We think counsel were correct in saying the gift over was intended to take effect upon the death of George M. Spootswood, either before he reached the age of fifty years or thereafter. This follows because in the language of the codicil the gift over is of the "remaining money" meaning that some of it might have been spent before the gift over took effect, and it was certainly not contemplated that any part of the money was to be spent before the son reached the age of fifty years, because it was all to be held intact by the Nashville Tust Company.

The gift over of the "remaining money" also forces the implication that George M. Spottswood was to have an unlimited power of disposition when the money came into his hands. Such language certainly implied that he had the right to spend some of the money, and, if he had the right to spend any of it, he had the right to spend it all. *Meacham* v. *Graham,* supra; *Bradley* v. *Carnes,* supra.

The case of *Clark* v. *Henry,* L. R., 11 Eq. 222, affirmed in L. R. Ch. App., 588, referred to in *Stones* v. *Maney,* supra, is direct authority for the proposition that a bequest of money in trust for a beneficiary until he reaches a certain

age gives to the beneficiary an absolute estate and an unlimited power of disposition after he attains that age.

We are therefore of opinion that the limitation over of the "remaining money" to Alvan and Eva Spottswood or their children after the death of George M. Spottswood is an effort to follow an absolute estate with a gift over, that the two estates are inconsistent, and that under the authorities this limitation over must fail.

Upon the death of George M. Spottswood the purpose for which the trust in his favor was created was accomplished and the trust was ended. The trust fund, therefore, passed to his distributees, namely, to his widow and minor child. His brother and sister are not entitled to any part of said fund.

The decree of the chancellor will, accordingly, be reversed, and this case be remanded to the end that the trustee may make proper settlement, a guardian may be appointed for the minor child, and other proceedings had in conformity with this opinion. A construction of this will was necessary, and we think the costs of this case should be paid one-half by the complainants and one-half by the trustee out of the funds in its hands.

A $200 fee will be allowed the guardian *ad litem* out of his ward's estate.