JAMES VANDEVENTER *v.* LEROY B. McMULLEN.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

### 1. WILLS. LIFE ESTATE. FEE-SIMPLE TITLE.

Where property is devised to one for life, coupled with an absolute power of disposal, a fee-simple title is vested and the limitation over is void. But if the power of disposal is dependent upon a contingency, or be definitely qualified, the estate is limited to life and the remainder over takes effect. (Post, p. 573.)

Citing: Bradley v. Carnes, 94 Tenn. (10 Pickle), 27; Eaton v. Nashville Trust Co., 145 Tenn. (18 Thomp.), 578.

### 2. WILLS. ESTATES. DEEDS.

Where under the terms of a will the first taker is given the unlimited power of disposition of property, the remainder over is void, and one who took no interest under the will could not raise the question as to whether a deed executed by the first taker was properly executed under the terms of the will. (Post, p. 574.)

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— HON. ROBERT M. JONES, Chancellor.

FRANTZ, McCONNELL & SEYMOUR, for complainant, appellee.

GREEN, WEBB & BASS, for defendant, appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The proper construction of item two of the will of William Lyon, who died in 1865, is the question involved in this suit. This item is as follows:

"Secondly; I devise and bequeath to my sister, Mary C. Craig, wife of John J. Craig, and Louisa T. Barnes, wife of A. A. Barnes, for the full and term of their natural lives all of my property of every kind and description, whatever real, personal and mixed, and whether of legal or equitable character, in equal proportions share and share alike, to have and to hold the same as a separate estate in equity without any right of property or control on the part of their said husbands and free from all liability for their debts, and with the right on their part of my said sisters to have the exclusive use and enjoyment of the hires, rents, issues and profits of their respective shares; and to this end if it shall become necessary I direct that a trustee shall be appointed to hold said property to their sole and separate use, and at their death of my said sisters I further devise and bequeath her share to her children or to the issue of such children if any be dead, subject however, to the power on the part of said tenants for life by deed in their lifetime or by will after death said deed or will to be duly executed and subscribed by three witnesses to sell or transfer her share of said property absolutely and in fee simple and the remainder to their children shall take only in the event of a failure to make a valid execution of said power."

Mrs. Mary C. Craig and her husband, John J. Craig, conveyed their interests in said lands in 1883 by joint deed, which was subscribed by one witness and acknowledged before the Deputy County Court Clerk of Knox County. Mary C. Craig died in 1904.

By a chain of conveyances the title which Mrs. Craig acquired under the will to said property is now vested in the complainant.

If the power conferred upon Mary C. Craig by the will of her brother to convey said property by deed, subscribed by three witnesses, was not legally exercised then the defendant, as a remainderman, would have an interest in said property.

(1)   On behalf of complainant it is first insisted that the devise to Mary C. Craig for life, coupled with an absolute power of disposal, vested in her a fee-simple title, and the limitation over is void.

The rule invoked is thus stated in *Bradley v. Carnes,* 94 Tenn., 27, to-wit:

"The general principle is tersely stated as follows: If the first taker is given an estate in fee or for life, coupled with an unlimited power of disposition, the fee or absolute estate vests in the first taker, and the limitation over is void. If the power is dependent upon a contingency, or if the power be definitely qualified, the estate of the first taker is limited to life, and the remainder over takes effect."

After citing a number of cases under the first head the court said:

"The principle underlying these cases is that, in order to constitute a valid remainder or executory devise, the first taker must not be given power to defeat and extinguish it by sale or otherwise at his will and pleasure. It is held that this unlimited power of disposition must be given by the will and cannot arise as a mere incident to the estate granted."

In that case the court further said:

"In all the cases, whether the will expressly gives a life estate or simply uses words implying such limited

estate, the controlling question is, Does the will give an unlimited or only a contingent and modified power of disposition to the first taker?''

In *Eaton* v. *Nashville Trust Co.*, 145 Tenn., 578, this court said:

"It is of the essence of a valid executory limitation that it be not in the power of the first taker to defeat it by sale or otherwise at his will and pleasure."

(2) Applying the foregoing test to the will under consideration it is apparent that the limitation over is void because the beneficiary, Mrs. Craig, is given an unlimited power of disposition. It was clearly within her power to defeat the limitation over at any time; hence, under the rule stated, she took a fee-simple title to the property involved. Since the remainder over was void, the defendant took no interest under the will of William Lyon, and whether Mrs. Craig properly executed her deed in nowise affects him.

Finding no error in the decree of the Chancellor it will be affirmed, and the cause will be remanded for further proceedings.