MAUK *v.* IRWIN *et al.*

(*Nashville,* December Term, 1939.)

Opinion filed February 3, 1940.

ROBERT L. BARNETT and G. HENRY TYNE, both of Nashville, for complainant.

WILLIAM J. WADE and JEFF McCARN, both of Nashville, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is another of those numerous border line cases in which we are called upon to construe a will and determine whether or not the testator, who has devised his property for life in the opening clause, has defeated the effect of this provision by the use of language in a succeeding clause which confers an unlimited power of disposition and thereby vests in the first taker an estate in fee.

In *Magevney* v. *Karsch,* 167 Tenn., 32, at page 54, 65 S. W. (2d), 562, at page 569, 92 A. L. R., 343, Chief Justice GREEN quotes from *Bradley* v. *Carnes,* 94 Tenn., 27, 27 S. W., 1007, 45 Am. St. Rep., 696, the two rules between which it is necessary for us to choose:

(1) "If the first taker is given an estate in fee or for life, coupled with an unlimited power of disposition, the fee or absolute estate vests in the first taker, and the limitation over is void."

(2) "If the power is dependent upon a contingency, or if the power be definitely qualified, the estate of the first taker is limited to life, and the remainder over takes effect."

He proceeds to comment as follows:

"The first rule has been applied in many cases, beginning with *Smith* v. *Bell*, 8 Tenn. (Mart. & Y.), 302, 17 Am. Dec., 798, and lastly in *Vandeventer* v. *McMullen*, 157 Tenn., 571, 11 S. W. (2d), 867. This rule, however, has now been circumscribed by the provisions of section 7603 of the Code of 1932, repeated in section 8093.

"The second rule has been applied in many cases, beginning with *Henderson* v. *Vaulx*, 18 Tenn. (10 Yerg.), 30, and lastly in *Waller* v. *Sproles*, 160 Tenn., 11, 22 S. W. (2d), 4.

"It perhaps should be remarked that expressions of disfavor of the first rule have appeared in several opinions of this court, as noted in *Waller* v. *Sproles, supra*. The rule has been thought by the court to have a decided tendency toward defeating the intention of the testator."

The opinion in *Waller* v. *Sproles, supra*, was by Mr. Justice Cook, and we quote pertinent general observations therein made [160 Tenn., 11, 22 S. W. (2d), 6]:

"In most of the states, a life estate is not raised to a fee by the added power of disposal in the life tenant, but the estate given the first taker is a life estate coupled with added power of disposition. The rule in this state is otherwise, and has become a rule of property. *McGavock* v. *Pugsley*, 59 Tenn. (12 Heisk.), [689], 690. That is to say, where property is devised to one for life, coupled with an absolute power of disposal, the fee vests in the first taker, and the limitation over is void. *Bradley* v. *Carnes*, 94 Tenn., [27], 30, 27 S. W., 1007, 45 Am. St. Rep., 696; *Vandeventer* v. *McMullen*, 157 Tenn., 571, 11 S. W. (2d), 867.

"But it was said in *McGavock* v. *Pugsley, supra*, as it defeats the actual intention of the testator, this rule of construction should not be extended further than has already been done. It is one of the remnants of technical

law contravening the spirit of our jurisprudence on the subject of wills, which is that every man be permitted to dispose of his acquisitions as he may think best, so that he violate no law or rule of public policy. So limiting the rule it is held that, when the power of disposition is restricted, limited, or contingent, the life estate is not to be changed to a fee or absolute interest in the first taker. *McKnight* v. *McKnight,* 120 Tenn., 431, 115 S. W., 134; *Vandeventer* v. *McMullen,* 157 Tenn., 571, 11 S. W. (2d), 867; *Dooley* v. *Penland,* 156 Tenn., 284, 300 S. W., 9; *Downing* v. *Johnson,* 45 Tenn. (5 Cold), [229], 230; *McGavock* v. *Pugsley,* 59 Tenn. (12 Heisk.), [689], 690; *Emert* v. *Blair,* 121 Tenn., 240, 118 S. W., 685.''

██  Having in mind the above expressions, we come to a consideration of the language of the will now before us and examine it to see if the power of disposition has been confered in such compelling terms as to require the application in this case of this ''rule of property''. After a direction for the payment of debts and funeral expenses, the testator thus proceeds:

''2nd. I give, devise, and bequeath to my beloved wife, Emma Irwin, for life all of my estate of every nature and kind whatsoever and I direct that she shall have the privilege of using it and receiving the income therefrom during her natural life, but at her death I direct all remaining shall be equally divided between my three daughters, however, in the event any one of the same is dead and leaving bodily heirs I direct that said heirs shall receive her part, if daughter leaves no bodily heirs, then to those surviving.

''In case of my wife conceiving of a necessity I direct that she may encroach upon the principal of the estate, using such portion as she pleases, however at

her death that which remains shall be divided as herein set forth."

The learned Chancellor was of opinion that the first taker, wife of the testator, was "given an absolute power of disposition, and therefore took a fee simple estate in and to the property described," so decreed, and granted this appeal.

For appellant it is insisted that the language of the will evinces a purpose to devise to the wife a life estate only, coupled with power to control and use the property for her support and maintenance and if, in furtherance of this limited purpose it should become in her judgment necessary, to encroach upon the *corpus* of the estate. Reliance is had upon *Waller* v. *Sproles, supra; Emert* v. *Blair,* 121 Tenn., 240, 118 S. W., 685; and *Rogers* v. *Baldridge,* 18 Tenn. App., 300, 76 S. W. (2d), 655.

Bearing in mind that this "rule of property," invoked by appellees, has long "been thought by the Court to have a decided tendency toward defeating the intention of the testator," is described as "one of the remnants of technical law contravening the spirit of our jurisprudence on the subject of wills," and is now abrogated by statute, we are justified in searching for language in the provisions conferring power of disposition which may be fairly construed as limiting, restrictive, or contingent.

It must be conceded that nothing could be clearer than that it was the intention of the testator to give to his wife an estate "for life" only, with "the privilege of using it and receiving the income therefrom *during her natural life.*" He then, confirming this express purpose, proceeds, "but at her death I direct all remaining shall be equally divided between my three daughters." Must we seize on, as contended by appellees, the words "all remaining" to effect a defeat of this plainly expressed

purpose? May not the testator have had in mind contingencies of depreciation, obsolescence or decay, loss by theft, fire or storm, or other ways and means common to estates in the run of years, wholly apart from voluntary disposition by the life tenant? We are unable to agree that this language must be construed as ''an implied absolute power of disposition.''

Nor do we find it necessary to hold that the language used in the second paragraph of this section confers an absolute and unlimited power of disposition so as to defeat the testator's intent to devise to his wife a life estate only.

In pursuance of his evident primary purpose to provide for his wife, and in apprehension of contingencies possible to arise through the uncertain years of her life, this husband directs that she may encroach upon the principal of the estate ''in case of my wife conceiving of a necessity''—meaning, we think, that she may do so if she finds, or ''conceives'', it necessary for her use. This merely constitutes her the judge of her necessities. It is argued that the words ''a necessity'' have a wider meaning not restricted to personal needs for support and maintenance. We think it fair to assume from the context and the provision as a whole that it was this personal use character of ''necessity'' which the testator had in mind. And so it seems to us that the words ''using such portion as she pleases'' make, when taken in their context, again a reference to her personal uses in her support and maintenance, and a direction that in making expenditures for such purposes she was to do as pleased her, rather than others.

*Eaton* v. *Nashville Trust Co.*, 145 Tenn., 575, 238 S. W., 865, appears to be the case chiefly relied on. The facts are so dissimilar that that case cannot control here.

There was an absolute devise in the first instance in that case with an unlimited power of disposition "imperatively implied", so that the inconsistent limitation could not stand. See comment on this distinction in *Smith et al.* v. *Reynolds et al.*, 173 Tenn., 579, at page 593, 121 S. W. (2d), 572. That devise was to a Trustee for a fixed number of years and other distinguishing facts appear. We do not find other cases cited for appellees to be applicable here.

It is because cases of this class turn so largely on their individual facts that we have sought above to analyze the particular language of this instrument.

Expressions in this will relied on for appelless seem to us to imply no more than a recognition of a right in the wife similar to that considered in *Emert* v. *Blair, supra,* and *Williams* v. *Coldwell,* 172 Tenn., 214, 111 S. W. (2d), 367, 114 A. L. R., 941, for example, wherein it was held that a devise of a life estate was not enlarged into a fee by subsequent provisions conferring upon her powers of sale for her use. In *Emert* v. *Blair, supra,* our older cases (*Bradley* v. *Carnes,* 94 Tenn., 27, 27 S. W., 1007, 45 Am. St. Rep., 696, *Meacham* v. *Graham,* 98 Tenn., 190, 39 S. W., 12, and others), holding that, if the first taker is given an estate for life, coupled with an unlimited power of disposition, the fee vests in the first taker, and the limitation over is void, were distinguished. As in those cases, so in this, we find the power of disposition, not unlimited, but consistent with the intention that the wife might encroach upon the *corpus* only if and when she might find it a necessity for her personal use. In this view we are constrained to reverse the decree of the Chancellor and remand for distribution of the impounded fund.