THOMPSON *et al. v.* TURNER *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

Cummings & Melton, of Woodbury, for appellants.

Hoyt Bryson, of Woodbury, for appellees.

Walter L. McCrary, of Woodbury, guardian *ad litem*.

Mr. Justice Burnett delivered the opinion of the Court.

This is a controversy between the heirs of Lela Mai Turner on the one hand and the heirs of George Turner and Delia Turner on the other. A solution is arrived at by a proper construction of the language of a deed covering the property in question...

The pertinent parts of this deed are that:

"For and in consideration . . . we T. B. Couch and P. M. Couch have bargained and sold and by these

presents do transfer and convey unto the said George Turner and wife Delia Turner a one half interest to each- Each one to have full control over the one half interest deeded to them and at the death of either one the survivor to become owner of both interests with power to sell it and make title and use the proceeds as they see proper for their benefit, and at the death of the surviving partner if anything remains, the same to go to the legal heirs of the said George Turner and the legal heirs of Delia Turner one half to each ones heirs.''

''. . . To have and to hold the said tract or parcel of land, with appurtenances, estate, title, and interest thereto belonging, to the said George Turner and Delia Turner a one half interest to each their heirs and assigns, forever.''

''. . . And we do further covenant and bind ourselves heirs and representatives to warrant and forever defend the title to the said land to the said George Turner and Delia Turner, their heirs and assigns . . .''

This deed was executed in 1906 to George Turner and Delia Turner who were husband and wife. Delia Turner died in 1932 without having made any conveyance of her interest therein. She did leave a will by which she willed her property to George Turner. A few years after Delia's death George married Lela Mai. George Turner died in 1945 without conveying said property. He left a will whereby he willed his property to Lela Mai Turner. Within a few months after George Turner's death Lela Mai Turner died intestate.

The Chancellor held that under the authority of *Lockett* v. *Thomas*, 179 Tenn. 240, 165 S. W. (2d) 375, the heirs of George Turner and Delia Turner were the owners of the property.

█ In an opinion handed down by this Court on January 16, 1948, in the case of *McCord et al.* v. *Ranson, et al.*, 185 Tenn. 677, 207 S. W. (2d) 581, 582, this Court very definitely approved the following quotation from *Lockett* v. *Thomas, supra,* as the rule to be followed in the construction of a deed. The quotation being:

(1) " 'The technical rules of the common law as to the division of deeds into formal parts have long since been disregarded in this state, and the rule is that all parts of the deed shall be examined together for the purpose of ascertaining the intention. In *Pryor* v. *Richardson,* 162 Tenn. 346, 37 S. W. (2d) 114, this court held that in the construction of deeds the intention of the grantor is ascertained by consideration of the entire instrument of conveyance and no preference is given the premises over the *habendum,* and that the estate granted in the premises of the deed may be enlarged or lessened in the *habendum.* Many of our cases are cited in the opinion in support of these holdings.' "

█ Applying this rule in the instant case, what is the intention of the parties? First we find that each party is to have a one half interest with "full control over" said interest. Second on the death of either the interest of the deceased is to go to the survivor "with power to sell." Third if the land is not disposed of by the survivor then it goes to the heirs of the original grantees "one half to each ones heirs." Clearly this is the intention of the parties.

Ordinarily we find the granting clause conveying an estate in fee while in the *habendum* clause any limitation, if any intended, is imposed. The situation is here reversed. But applying the applicable rule of "intention" it can make no difference where this intention appears.

We must construe the deed as a whole and not limit our construction to any of the component parts. It is true herein that the *habendum* clause is repugnant to the granting clause but construing the deed as a whole clearly the intention is as above set out. The power given the survivor "to sell it and make title and use the proceeds as they see proper for their benefit" is not an absolute power of sale but a restricted power. This is clearly shown by the language immediately following: "and at the death of the surviving partner if anything remains, the same to go," etc. Both parties died without disposing of the property. This being true the following language of the deed came into effect: "to go to the legal heirs of the said George Turner and the legal heirs of Delia Turner one half to each ones heirs."

■ Unquestionably either George Turner or Delia Turner could have sold this property during their life time and made good title thereto. This statement would certainly be true under Code, section 7603, appearing again as section 8093, reading as follows:

"When the unlimited power of disposition, qualified or unqualified, not accompanied by any trust, is given, expressly, in any written instrument, to the owner of any particular estate for life or years, legal or equitable, such estate is changed into a fee absolute as to right of disposition, and rights of creditors and purchasers, but subject to any future estate limited thereon or executory devise thereof, in event and so far as the power is not executed or the property sold for the satisfaction of debts during the continuance of the particular estate."

■ It is clearly obvious, though, that if disposition was not made during their life time that "in so far as the power is not executed, or the property sold for debts

during the continuance of the life estate, the estate will pass to the remainderman named therein upon the death of" the survivor. *Redman* v. *Evans*, 184 Tenn. 404, 199 S. W. (2d) 115, 116. The above quoted Code provision has been applied numerous times in will cases as in the *Redman Case* above referred to and cases therein cited. This Code section applies with equal force to provisions in a deed.

The respective wills of George and Delia Turner are not effective as to pass "title to the property devised or bequeathed prior to the death of the" respective testators. *Lockett* v. *Thompson, supra.*

For the reasons herein setforth the decree of the Chancellor must be affirmed.

All concur.