W. M. LEACH, Commissioner, etc.

*v.*

ELLA DICK et al.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

HODGES, DOUGHTY & CARSON, Knoxville, for plaintiff in error.

ELY & ELY, Knoxville, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This cause involves the construction of a deed. The Commissioner of Highways of the State condemned a certain piece of property for highway purposes in Knoxville and the money for this taking of this land has been paid into court. There is no contest as to the right of condemnation or the amount of this money. This contest comes between Ella Dick and certain of her stepchildren as to who is entitled to the money for this land.

On May 10, 1958, one J. J. Lay and wife by warranty deed conveyed to J. E. Dick and wife, Ella Dick, certain property from which the property taken by the Highway Commissioner herein is in question. After the descriptions of the property the deed contained this clause which is as follows:

"This conveyance is executed to second parties, J. E. Dick and wife Ella Dick with the right to transfer, sell, convey, assign or encumber as they see fit with fee simple to go to J. E. Dick if Ella Dick dies before he dies, and if J. E. Dick dies before Ella Dick dies, a life estate to vest in Ella Dick for the rest of her natural life and on her death to go to the heirs at law of J. E. Dick in fee simple."

After the above clause comes the normal clause in a general warranty deed.

The trial judge held that this conveyance was absolute and that J. E. Dick and wife were conveyed a title to the property by the entireties and on the death of J. E. Dick his interest went to her and that therefore she was entitled to the whole of the proceeds from this condemnation to the exclusion of J. E. Dick's children by another marriage.

Exceptions have been seasonably taken to the holding of the trial judge, briefs filed, arguments heard and we now have the matter for disposition. It will be noted in construing this language that "J. E. Dick and wife Ella Dick with the right to transfer, sell, convey, assign or encumber as they see fit" is given in the first part of this paragraph taken from the deed. In other words by this language certainly they are given the right to do as they see fit with the property. Any qualifications on this come afterward.

The rule upon which the trial judge decided this case has been very recently stated by this Court in *Weiss, Jr., v. Broadway National Bank,* Davidson Equity, 204 Tenn. 563, 322 S.W.2d 427.

This rule as laid down by old cases, and as invoked by the trial judge herein, under which the parties take a fee-simple estate was declared because in the sentence last above quoted from this deed the first takers were given an absolute power of disposition, this rule "is now abrogated by statute," as was said by this Court in *Mauk v. Irwin,* 175 Tenn. 443, at page 447, 135 S.W.2d 922, 923; this reference obviously being to what is carried in the present Code as Section 64-106, T.C.A., and reading as follows:

"When the unlimited power of disposition, qualified or unqualified, not accompanied by any trust, is given, expressly, in any written instrument, to the owner of any particular estate for life or years, legal or equitable, such estate is changed into a fee absolute as to right of disposition, and rights of creditors and purchasers, but subject to any future estate limited thereon or executory devise thereof, in event and so far as the power is not executed or the property sold for the satisfaction of debts during the continuance of the particular estate."

The above-quoted Code Section was carried in two different Code Sections of the Code of 1932, to-wit, as Sections 7603 and 8093, but is now carried in only the one Section.

In *Magevney v. Karsch,* 167 Tenn. 32, at page 54, 65 S.W.2d 562, at page 570, 92 A.L.R. 343 (opinion prepared for the Court by Green, C. J.), he remarked that: "This rule, however, has now been cirumscribed by the provisions of section 7603 of the Code of 1932, repeated in section 8093." See also *Parker v. Milam,* 166 Tenn. 266, at page 273, 61 S.W.2d 674, at page 676, where it was said that even where an unrestricted power of disposition

is given, "the limitation over would not be void under the provisions of the new Code," citing what is now the above section.

(In the Mauk and Magevney cases, supra, it will be seen that the wills therein were executed and probated prior to enactment of the Code of 1932 and disposition of these cases was, therefore, not affected by this Statute.)

On a very similar state of facts to those herein, and certainly on the same principle, this Statute was applied in *Thompson v. Turner,* 186 Tenn. 241, 209 S.W.2d 25, 26. This Court had before it a deed which transferred land to husband and wife "a one half interest to each. Each one to have full control over the one half interest deeded to them and at the death of either one the survivor to become owner of both interests with power to sell it and make title and use the proceeds as they see proper for their benefit, and at the death of the surviving partner if anything remains, the same to go to the legal heirs" of husband and wife, "one half to each ones heirs". A will executed by wife transferring her interest to husband, and by husband to second wife was held not to pass title. It was held the heirs of the husband and first wife were entitled to the land.

Under the clause of this deed this clause does the following: (1) grants to the two of them, husband and wife together, the unlimited power of disposition; (2) by necessary implication, it grants a life estate in both jointly, until either (3) the wife shall die first, which will vest the fee simple in the surviving husband, or (4) the husband shall die first, which will vest a life estate in the whole property in the wife, and at her death (5) the property will go in fee to the heirs of the husband.

We therefore reach the conclusion that in view of the Code Section above quoted that the instrument herein, and the clause that is in dispute, must be interpreted as last above set forth in the preceding paragraph.

The appropriation of this property by the State excludes the idea of a voluntary sale. It was taken from Mrs. Dick under the power of eminent domain as is shown by the record herein. This being true it is certainly an involuntary sale and Mrs. Dick's status being that of a life tenant she is to share herein accordingly.

For the reasons herein expressed the judgment of the trial court will be reversed. The cause will be remanded for a distribution of the proceeds according to the factual situation developed herein.