Caruthers EWING, Executor of the Estate of Bessie W. Ewing, Deceased, Plaintiff-Appellant

v.

J. M. ROUNTREE, District Director of Internal Revenue, Defendant-Appellee.

No. 16049.

United States Court of Appeals Sixth Circuit.

June 4, 1965.

472

S. Shepherd Tate, Memphis, Tenn., Martin, Tate & Morrow, Memphis, Tenn., of counsel, for appellant.

Thomas Silk, Dept. of Justice, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief); Kenneth Harwell, U. S. Atty., Thomas H. Shriver, Asst. U. S. Atty., Nashville, Tenn., of counsel, for appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

The executor brought this action to recover $93,114.30 in estate taxes and $3,068.18 in interest paid under protest. The district court held that at the time of her death the decedent had a general power of appointment within the meaning of Section 2041 of the Internal Revenue Code of 1954, 26 U.S.C. § 2041(b) (1)(A), under a trust established by the will of her husband. From the judgment of the district court dismissing the complaint, the executor has appealed.

The decedent, a widow, died testate on January 15, 1958. At the time of her death she was the principal beneficiary of a trust established under the will of her husband, the late Caruthers Ewing, a prominent attorney who died in 1947. The case involves the following provisions of the husband's will:

"I give to HUBERT K. REESE, as TRUSTEE, all of my estate with direction that the income therefrom be paid to my wife, BESSIE W. EWING, during her life, and I authorize and direct said TRUSTEE to sell annually, should my wife request it, one hundred (100) shares of Humble Oil and Refining Company stock, and pay the proceeds of such sale to my wife. Should my wife at any time request the sale of more stock of the Humble Oil and Refining Company than I have mentioned, she may to that extent invade the corpus of my estate by having such sale made and the proceeds paid over to her.

\* \* \* \* \* \* \*

"The TRUSTEE herein named is authorized to transfer any corporate stock standing in my name at the date of my death to accomplish a reorganization of any company where-

in I am interested, but not otherwise than as above provided."

In 1954 the trustee, as empowered by the will, exchanged the Humble Oil Stock for Standard Oil of New Jersey stock under a plan of reorganization. The decedent never exercised her power to request the sale of any part of either the Humble Oil or Standard stock.

The Honorable William E. Miller, District Judge, adjudicated all issues against the executor in a comprehensive opinion, Ewing v. Rountree, 228 F.Supp. 137 (M.D.Tenn.).

In this court, as in the district court, the executor makes three contentions:

(1) That the power of appointment was limited under Tennessee law by an ascertainable standard relating to support and maintenance and therefore was not a general power of appointment.

(2) That if the power is construed to be a general power of appointment, a retroactive application of the statute is a denial of due process of law within the meaning of the Fifth Amendment to the Constitution of the United States, the power having been created prior to the enactment of the statute.

(3) That the power was terminated when the trustee exchanged the Humble Oil stock for the Standard stock, and the decedent had no power of appointment with respect to the Standard stock.

(1) *Did decedent have a general power of appointment?*

Section 2041(b)(1)(A) of the Internal Revenue Act of 1954, 26 U.S.C. § 2041 (b)(1)(A), provides that a power of appointment is not general if it is limited "by an ascertainable standard relating to the health, education, support, or maintenance of the decedent." We agree with the district court that the trust here involved does not contain such a limitation and that a limitation to this effect will not be implied under the case law of Tennessee.

 Under the language of her husband's will, the decedent in her sole discretion could have required the trustee

to sell the stock and pay the proceeds to her at any time. This power was not limited by the terms of the will.

Many of the state decisions cited in the briefs involve the rule which formerly was in effect in Tennessee that a life estate coupled with an unlimited power of disposition was converted into a fee simple estate, and that any attempted remainder was repugnant and void. See, e. g. Bradley v. Carnes, 94 Tenn. 27, 27 S.W. 1007. This rule was modified by statute in 1932. T.C.A. § 64–106; Redman v. Evans, 184 Tenn. 404, 199 S.W.2d 115; Mauk v. Irwin, 175 Tenn. 443, 135 S.W.2d 922.

We do not construe Williams v. Coldwell, 172 Tenn. 214, 111 S.W.2d 367, 114 A.L.R. 941, Downing v. Johnson, 45 Tenn. 229 and Black v. Pettigrew, 38 Tenn. App. 1, 270 S.W.2d 196, and other cases relied upon by the executor, to require that an unlimited power, such as is involved here, must be construed as limited "by an ascertainable standard relating to the health, education, support, or maintenance of the decedent."

This question is covered fully in the able opinion of the district judge, and we do not consider it necessary to discuss further the Tennessee cases on this subject.

(2) *Is the tax prospective and constitutional?*

 Section 2041 of the Internal Revenue Code of 1954 is carried forward from the Federal Power of Appointments Act of 1951, 65 Stat. 91. The decedent died six years after the enactment of this statute and her husband four years before its enactment.

 In applying the estate tax, we look only to the question of whether or not the decedent possessed a taxable power as of the date of her death in 1958. C.f. Walter v. United States, 341 F.2d 182, 185 (C.A. 6) and cases therein cited. We concur with the district court that she possessed a general power of appointment at all times up to the time of her death and at her pleasure could have required the trustee to invade the corpus, sell all

or any part of the shares of stock and pay the proceeds over to her for her own use.

The taxing statute as applied in this case is prospective in its application and does not violate the due process clause of the Fifth Amendment. Fernandez v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L. Ed. 116.

(3) *Did power of appointment apply to Standard stock?*

■ At the time of his death, decedent's husband owned Humble Oil stock which became a part of the trust estate. The executor contends that the subseqent exchange of the Humble Oil stock for Standard stock terminated the decedent's power of appointment.

We agree with the district court that this contention is without merit, and that decedent's right to require the trustee to sell the stock and turn the proceeds over to her, continued with respect to the Standard stock.

The judgment of the district court is affirmed.